Aaron Brown, SBN 277981
CALIFORNIA TRIAL TEAM P.C.
444 W. Ocean Blvd., Suite 1750
Long Beach, CA 90802
562-495-8405, fax 562-495-4719
aaron@caltrialteam.com

In association with:

Charles D. Naylor, SBN 62243
Law Offices of Charles D. Naylor
11 Golden Shore Drive, Suite 350
Long Beach, CA 90802
310-514-1200, fax 310-514-1837
cnaylor@naylorlaw.com

Attorney for Plaintiff, RUBEN LUCERO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN LUCERO,<br><br>            Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES,<br><br>            Defendant. | CASE NO. 2:23-cv-1689<br><br>**COMPLAINT FOR PERSONAL INJURIES AND DAMAGES; DEMAND FOR JURY TRIAL** |

COMES NOW the plaintiff, RUBEN LUCERO, and for cause of action against the Defendant, complains and alleges as follows:

**JURISDICTION AND VENUE**

1. This claim arises under, and jurisdiction is vested pursuant to the Jones Act (46 U.S.C. §30104 et. seq.) and the General Maritime Law.

2. This case arises out of an accident that occurred on navigable waters within the Port of Los Angeles. Plaintiff is a natural person domiciled in Lakewood, CA, a city within Los Angeles County. Defendant City of Los Angeles was and is a government entity, organized and existing under the laws of the State of California, was and is doing business in the State of California, the County of Los Angeles, and maintained a place of business located in the CITY OF LOS ANGELES, California 90731. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2).

## GENERAL ALLEGATIONS

3. The injury related claims in the first, second, and third and causes of action herein arise under, and jurisdiction is vested pursuant to the Jones Act, (46 U.S.C. §30104 et. seq.) and the general maritime law of the United States.

4. At all times material herein, RUBEN LUCERO (hereinafter "Plaintiff"), was a piledriver, employed by defendant CITY OF LOS ANGELES (hereinafter "CITY") as a crewmember of a certain piledriving barge (hereinafter "BARGE") owned by defendant CITY, and operated by defendant CITY on navigable waters of the United States, within the Port of Los Angeles, to transport its crewmembers, supplies, gear, tools, and equipment to and from various locations within the Port of Los Angeles, for the purpose of its crewmembers inspecting, maintaining, and repairing defendant CITY's marine infrastructure, including its piers, docks, and wharves.

5. At all times material herein, Plaintiff was in the service of said BARGE, and the employ of defendant CITY, and in doing the things alleged herein, was acting within the scope, purpose and duties of such service and employment, and in support of the mission of said BARGE.

6. Plaintiff is informed and believes and thereon alleges that at all times material herein defendant CITY was and is a government entity, organized and existing under the laws of the State of California, was and is doing business in the State of California, the County of Los Angeles, and maintained a place of business located in the CITY OF LOS ANGELES, California 90731.

6. Each of the defendants in the first, second and third causes of action is a person or entity either subject to the laws of vicarious liability, e.g., agent, employee, partner, etc., or was in a contractual relationship with the other defendants in such causes of action, and was at all times acting

1  within the purpose, authority and scope of such relationship so that as to each cause of action, each
2  defendant is liable for the actions of each other defendant.

3        7.     On or about March 9, 2020, Plaintiff was aboard the BARGE which was then moored to
4  a dock within the Port of Los Angeles for the purpose of inspection, maintenance or repair work to be
5  performed by the BARGE crew. At said time and place, defendant CITY provided Plaintiff with the
6  WRENCH and SOCKET to use to remove bolts from a pile. While Plaintiff was aboard the BARGE,
7  using the WRENCH and SOCKET to remove a bolt from a pile, the WRENCH and/or SOCKET
8  malfunctioned in such a way that while the WRENCH was turning, a pin used to secure the SOCKET to
9  the WRENCH caught the glove Plaintiff was wearing on his left hand, and jerked Plaintiff's left hand
10 suddenly and forcefully, causing severe and permanent injury to Plaintiff's left hand, left elbow and left
11 arm.

12       8.     As a direct and legal result of the incident on March 9, 2020 alleged above, Plaintiff was
13 hurt and injured in his health and strength and sustained personal injuries. Plaintiff is informed and
14 believes and thereon alleges that some or all of his injuries are reasonably likely to be permanent, all to
15 his general damage in a sum in excess of the jurisdictional minimum of this Court, and according to
16 proof at trial.

17       9.     As a further direct and legal result of the incident on March 9, 2020 alleged above, it has
18 been and continues to be necessary for Plaintiff to receive medical care and treatment, and it will be so
19 necessary for an indefinite period of time in the future. The cost of said medical care is not known at
20 this time, and Plaintiff alleges as damages herein the amount of such costs, according to proof at trial.

21       10.    As a further direct and legal result of the incident on March 9, 2020 alleged above,
22 Plaintiff was prevented from attending his usual occupation for a period of time and is informed and
23 believes and thereon alleges that he will continue to be so prevented for an indefinite period of time in
24 the future, thereby resulting in a loss of earnings to Plaintiff, the exact amount of which is unknown at
25 this time. Plaintiff alleges as damages herein the amount of such loss of earnings in an amount
26 according to proof at trial.

27       11.    Plaintiff did not file a claim against defendant CITY or request leave to file a late claim
28 under the California Tort Claims Act. Said failures, however, do not preclude Plaintiff from now

bringing this cause of action against defendant CITY because under federal maritime law, a political subdivision of a state may not invoke sovereign immunity as a defense against marine tort claims. See for example, *Ravins v. Alvarez*, No. CV 01-4003 NM (MANX), 2004 WL 5642455 (C.D. Cal. July 29, 2004), citing *In re Chicago Flood Litigation,* 308 Ill.App.3d 314, 241 Ill.Dec. 714, 719 N.E.2d 1117, 1129 (Ill.App. 1 Dist.1999).

## FIRST CAUSE OF ACTION AGAINST DEFENDANT FOR NEGLIGENCE UNDER THE JONES ACT

12. Plaintiff refers to and incorporates herein by this reference each and every allegation of paragraphs 1 through 11 of his General Allegations as though fully set forth at length.

13. At all times material, defendant CITY owed to Plaintiff an affirmative duty to provide him with a reasonably safe place to work, including but not limited to a reasonably safe vessel, reasonably safe gear, equipment and tools, reasonably safe work methods, and a crew that was reasonably suited to the work; and in addition to its duty to provide a safe place to work, defendant owed Plaintiff further duties to include the duties to properly train, instruct and supervise the vessel crew, including Plaintiff, to promulgate and enforce appropriate safety rules and standards, and to warn Plaintiff of dangerous conditions which were known to, or by the exercise of due care could have been known to CITY.

14. On or about March 9, 2020, and prior thereto CITY breached its duties to Plaintiff, in that, among other things:

    a. It caused, allowed and permitted their said BARGE, and its gear and equipment, including but not limited to the WRENCH and SOCKET, to be in an unsafe, dangerous and defective condition and to malfunction as alleged herein.

    b. It failed to properly inspect, maintain, and repair their said BARGE'S gear and equipment, including but not limited to the WRENCH and SOCKET provided to Plaintiff, so that the WRENCH and SOCKET were in a dangerous and defective condition and malfunctioned as allege herein.

    b. It caused, allowed and permitted an unsafe work method to exist aboard their said vessel, including in particular the method of securing the SOCKET to the WRENCH

is such a manner that they malfunctioned as alleged herein.

c. It failed to promulgate and enforce appropriate rules and standards for the use of the WRENCH and SOCKET;

d. It failed to properly train and instruct the vessel's crew in the use of the WRENCH and SOCKET;

e. It failed to warn Plaintiff of the hazards associated with the use of WRENCH and SOCKET;

f. It failed to provide Plaintiff with a reasonably safe place to work.

15. As a direct and legal result of the aforesaid negligence of defendant CITY, as aforesaid, Plaintiff was injured and sustained damages as herein alleged.

**SECOND CAUSE OF ACTION AGAINST DEFENDANT CITY FOR UNSEAWORTHINESS UNDER GENERAL MARITIME LAW**

16. Plaintiff refers to and incorporates herein by this reference each and every allegation of paragraphs 1 through 15 of his Complaint as though fully set forth at length.

17. On or about March 9, 2020, and prior there to, the aforesaid BARGE was unseaworthy in its operation, maintenance, supervision, control, equipment, gear, inspection, and work method and in the absence of a safe place for Plaintiff to work.

18. As a direct and legal result of the aforesaid unseaworthiness, as aforesaid, Plaintiff was injured and sustained damages as herein alleged.

**THIRD CAUSE OF ACTION AGAINST DEFENDANT CITY UNDER GENERAL MARITIME LAW, ARISING FROM THE FAILURE TO PROVIDE MAINTENANCE AND CURE**

19. Plaintiff refers to and incorporates herein by this reference each and every allegation of paragraphs 1 through 18 of his Complaint as though fully set forth at length.

20. As a legal result of the aforesaid injuries sustained by Plaintiff, and without regard to the question of liability or negligence on the part of the defendant, and each of them, CITY became obligated to provide Plaintiff with proper medical care and attention and with means with which to sustain and maintain himself while receiving medical care and attention and while unable to resume his normal duties, commencing on the date of the injuries alleged herein and continuing thereafter until

Plaintiff shall have been cured.  Plaintiff has made demand for prompt payments of maintenance and cure of said defendants, and each of them, and despite the demand of Plaintiff for prompt payment of maintenance and cure, the CITY has failed to provide maintenance and to some extent, have failed to provide timely and adequate cure.  The exact period for which plaintiff is entitled to payment of maintenance and the exact amount of cure are presently unknown.   Plaintiff alleges as damages herein the amount of said maintenance and cure in an amount according to proof at trial.

21. In failing to provide maintenance and in failing to provide timely and adequate cure, as herein alleged, defendant CITY acted knowingly, willfully and with callous disregard for the rights of Plaintiff, and therefore, in addition to all amounts due for maintenance and cure, Plaintiff is entitled to an award punitive and exemplary damages, and to an award of attorney's fees, both in amounts according to proof at trial.

## PRAYER

**WHEREFORE**, Plaintiff prays for damages against the Defendants, and each of them, as follows:

ON THE FIRST AND SECOND CAUSES OF ACTION:

1. For general damages in an amount according to proof;
2. For past loss of earnings, and future loss of earnings / earning capacity according to proof;
3. For medical expenses, past and future, in an amount according to proof;

ON THE THIRD CAUSE OF ACTION:

4. For maintenance and for cure, past and future, in an amount according to proof;
5. For punitive and exemplary damages according to proof;
6. For attorney's fees according to proof;

ON ALL CAUSES OF ACTION:

7. For costs of suit herein, according to proof; and,
8. For such other and further relief as the court may deem just and proper.

///

///

**DEMAND FOR JURY TRIAL**

Plaintiff, RUBEN LUCERO, hereby demands trial by jury of the above-captioned matter.

Dated: March 6, 2023

CALIFORNIA TRIAL TEAM;
LAW OFFICES OF
CHARLES D. NAYLOR

By: */s/Aaron Brown*
AARON BROWN
Attorneys for Plaintiff,
RUBEN LUCERO